# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

BOB MANTLO,                                )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )      No. 2:18-cv-04184-NKL
                                           )
MISSOURI SCHOOL BOARDS                     )
ASSOCIATION,                               )
                                           )
            Defendant.                     )

## ORDER

Pending before the Court is Plaintiff Bob Mantlo's motion to remand, Doc. 14.    For the

following reasons, Mantlo's motion to remand is granted.

## I.      Introduction

After his termination of employment with the Missouri School Boards Association, Mantlo

filed suit in state court, alleging that the Association violated the Missouri Human Rights Act

(MHRA), Rev. Mo. Stat. § 213.010, *et. seq*., by discriminating against him because of his disability

and retaliating against him for filing a complaint.    Specifically, Mantlo asserts that the

Association discriminated against him by failing to provide reasonable accommodations, failing

to provide leave under the Family Medical Leave Act (FMLA), and treating him less favorably

because of his disability.    Doc. 1-3 (Petition), ¶¶ 26, 32.    Mantlo also claims that he requested

leave under the FMLA, filed a complaint when leave was not granted, and was terminated because

he filed that complaint.    *Id.* at ¶¶ 16, 36, 37.

The Association removed the case, asserting that Mantlo's claims arise under federal law

because Mantlo's claims are based on the benefits and protections afforded by the FMLA.    Doc.

1, ¶¶ 9–11 (Notice of Removal).    Additionally, the Association argues the Court has jurisdiction

1

because the FMLA allegations pose a substantial federal question. Doc. 24 (Suggestions in Opposition to Motion to Remand), pp. 5–7. Mantlo argues that the Court lacks subject matter jurisdiction because his petition asserts only state law causes of action and his claims do not depend on finding a violation of federal law, and requests an award of fees and costs incurred in filing the motion to remand. Doc. 15 (Suggestions in Support of Motion to Remand).

## II. Discussion

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Therefore, removal statutes are strictly construed. *See Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted).

### A. Federal Question Jurisdiction

Section 1441(a) permits removal of any civil action "of which the district courts of the United States have original jurisdiction." As relevant here, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether subject matter jurisdiction exists, district courts look to "whether a 'federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the "vast bulk" of suits within Section 1331's grant of jurisdiction, "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Even "[w]hen federal and state law provide overlapping remedies, a plaintiff may normally avoid federal question

jurisdiction by pleading only a cause of action under state law." *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, Mantlo alleges discrimination and retaliation in violation of the MHRA, a state statute. Even if Mantlo could have brought similar claims under the FMLA instead of the MHRA, Mantlo, as "master of [his] complaint, . . . may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). The fact that state and federal law provide overlapping remedies does not mean Mantlo's MHRA claims arise under federal law.

District courts also have jurisdiction when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (describing federal jurisdiction under *Grable* as applying to a "special and small category of cases"); *Great Lakes*, 843 F.3d at 329 ("Federal question jurisdiction exists if . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). *Grable* does not apply here because Mantlo's claims do not necessarily raise a substantial federal issue.

First, Mantlo's allegations regarding the FMLA are not necessarily raised. "To establish a *prima facie* case under the MHRA the plaintiff must show that: (1) he is legally disabled; (2) he was discharged or suffered an adverse employment action; and (3) the disability was a factor in his discharge or adverse employment action." *Baldridge v. Kansas City Pub. Sch.*, 552 S.W.3d 699, 710 (Mo. Ct. App. 2018) (citing *Harvey v. Mo. Dept. of Corr.*, 379 S.W.3d 156, 160 (Mo. 2012)). Mantlo lists the Association's failure to provide leave under the FMLA as one of multiple

examples of discriminatory conduct. Doc. 1-3 (Petition), ¶¶ 26, 32. The Association argues that Mantlo's claim therefore requires a Court to determine whether Mantlo was entitled to leave, whether the Association is covered by the FMLA and whether leave was wrongfully withheld as a result of discrimination. Doc. 24, p. 6.

However, even assuming that the FMLA does not apply to Mantlo or to the Association—the questions which the Association argues are necessarily raised—Mantlo has still stated a claim that he is legally disabled and has suffered an adverse employment action in which his disability was a factor. The gravamen of the discrimination claim is whether Mantlo suffered any adverse employment action, and as only "one of many instances of discrimination[,] . . . the resolution of [Mantlo's] claim does not hinge on any interpretation or application of the FMLA." *Miller v. Metro. Sewer Dist.*, No. 10-0363, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010) (citation omitted). Mantlo lists other examples of discriminatory conduct, like "treating [Plaintiff] less favorably, negatively, and cruelly" and "terminat[ing] Plaintiff's employment." Doc. 1-3 (Petition), ¶¶ 26, 28. "If the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for the purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 359 F.3d 811, 817 (4th Cir. 2004) (cited with approval in *Central Iowa Power Coop. v. Midwest Indep. Transmission Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009)). Accordingly, this claim does not confer jurisdiction.

A retaliation claim under the MHRA requires a showing that 1) plaintiff complained of discrimination, 2) the employer took adverse action, and 3) there is a causal relationship between the complaint and the adverse action. *See Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 760 (8th Cir. 2015) (listing elements). Mantlo's claim for retaliation references the FMLA because the denial of his request for FMLA leave was the subject of his complaint to Human Resources. Doc.

1-3 (Petition), ¶¶ 36, 37.    But whether Mantlo was entitled to the requested leave under the FMLA

is not relevant to his claim.    *See Minze v. Missouri Dep't of Pub. Safety*, 437 S.W.3d 271, 276

(Mo. Ct. App. 2014) ("[I]t is irrelevant to a claim of retaliation that the act complained of was not

legally actionable."); *see also Davis v. Oliver St. Dermatology Mgmt., LLC*, No. 17-0250-FJG,

2017 WL 3494231, at *2 (W.D. Mo. Aug. 15, 2017) ("[T]here is no need for the factfinder to

determine whether plaintiff's FMLA rights were violated—instead, the relevant question is

whether plaintiff complained of discriminatory conduct, and thereafter the employer took adverse

action.").    Therefore, whether Mantlo was entitled to leave under the FMLA is not a necessary

element of the retaliation claim, and this claim does not create federal jurisdiction.

Second, the Association has not even argued that any federal issue presented is substantial.

In *Grable*, the state law claim for quiet title raised a substantial federal issue because it questioned

the adequacy of the IRS's notice procedure.    *Grable*, 545 U.S. at 310–11.    But the district court

in *Empire Healthchoice* lacked jurisdiction because the issue was "fact-bound and situation-

specific" rather than "a nearly 'pure issue of law'" that would be "controlling in numerous other

cases."    547 U.S. at 700–01 (differentiating *Grable*).    In other words, "it is not enough that the

federal issue be significant to the particular parties in the immediate suit; that will *always* be true

when the state claim 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires.

The substantiality inquiry . . . looks instead to the importance of the issue to the federal system as

a whole."    *Gunn v. Minton*, 568 U.S. 251, 260 (2013) (differentiating the federal issue posed by

a hypothetical "case within a case" in malpractice suit from that in *Grable*).

The Association has not offered any argument as to why Mantlo's FMLA allegations

present a novel issue or one that is otherwise important to the federal system as a whole.

Accordingly, there is no reason to presume that any application of the FMLA would be more than a fact-bound and situation-specific application of established precedent.

As "it takes more than a federal element 'to open the arising under door[,]'" *Empire Healthchoice*, 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313), the Association has failed to meet its burden of showing that Mantlo's claims arise under federal law. Therefore, Mantlo's motion to remand must be granted.

### B.    Request for Attorney's Fees and Costs

Mantlo requests an award of fees and costs associated with the filing of his motion to remand. Doc. 15, p. 4. A district court may require a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of removal" in an order to remand. 28 U.S.C. § 1447(c). However, absent unusual circumstances, an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As set forth above, Mantlo's multiple references to the FMLA created an objectively reasonable basis for seeking removal in this case. Therefore, Mantlo's request for costs and fees is denied.

## III. Conclusion

For the foregoing reasons, Mantlo's motion to remand, Doc. 14, is granted, but his request for costs and fees is denied.


                                               s/ Nanette K. Laughrey
                                               NANETTE K. LAUGHREY
                                               United States District Judge


Dated: December 19, 2018
Jefferson City, Missouri